1
2
3
4
5
6
7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10   ANDREW McKERCHER,              CASE NO. 18cv1054 JM(BLM)

11                        Plaintiff,   ORDER GRANTING LEAVE TO
                                       AMEND; DENYING MOTION TO
12      v.                             DISMISS AS MOOT

13   RON MORRISON,

                         Defendant.
14

15        Defendant Ron Morrison, Mayor of National City ("Mayor"), moves the court

16   to dismiss Plaintiff Andrew McKercher's federal civil rights claim, to decline to

17   exercise jurisdiction over the state law claim, and to dismiss the action under qualified

18   immunity principles. Plaintiff opposes the motion. For the reasons set forth below, the

19   court grants Plaintiff's motion for leave amend with 15 days leave to amend from the

20   date of entry of this order, and denies Mayor's motion to dismiss as moot.

21                            **BACKGROUND**

22        Filed on May 25, 2018, the federal question Complaint alleges two claims for

23   relief: (1) violation of the First Amendment of the U.S. Constitution and (2) violation

24   of the right to free expression guaranteed by the California Constitution. In broad

25   brush, Plaintiff alleges that Defendant violated federal and state constitutional rights

26   when he blocked him from accessing Defendant's personal Facebook website in

27   retaliation for "criticizing him as an elected official." (FAC ¶10(K)).

28        Plaintiff is a resident of National City, California, and alleges that he "has

consistently spoken his mind whenever it appeared that the best interests of his fellow residents and taxpayers were being subordinated to the whims of capricious, corrupt City officials." (FAC ¶1). By way of example, Plaintiff has commented on what he perceives to be the Mayor's preferential treatment of a National City councilman, the City's perceived pursuit of anti-immigrant policies, and the City providing preferential treatment to business interests. Id. Plaintiff alleges that Defendant is being sued in his personal capacity, while acting under color of state law. (FAC ¶4).

Plaintiff alleges that the Mayor maintains his personal Facebook page "in order to communicate with the public about official City matters." (FAC ¶2). The official National City Facebook page includes a statement at the bottom of that page: "For the latest updates on National City send Ron Morrison a 'friend' request on Facebook." (FAC Exh. I). Mayor allegedly "uses the social-media platform to promote his mayoral feats and to bask in the glory of his fans' friendly feedback." (FAC ¶1). Mayor allegedly blocked Plaintiff as "'pay back' for past criticism and to prevent him from publicizing his concerns in the future." Id. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and attorney's fees and costs.

<strong>DISCUSSION</strong>

**Leave to Amend**

In his papers, and at the time of oral argument, Plaintiff represented that an amended complaint with additional allegations would assist the court and parties to determine the character of the forum at issue. See Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 46 (1983) (The standard by which limitations on First Amendment rights are evaluated depends on the character of the forum at issue.). Rule 15(a) provides that the "court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001). The Supreme Court instructs district courts to consider the following in deciding whether to grant leave to amend:

1
2
3
4

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

5 Forman v. Davis, 371 U.S. 178, 182 (1962). The consideration of undue prejudice to

6 the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc.,

7 316 F.3d 1048, 1052 (9th Cir. 2003).

8       Here, the court freely grants Plaintiff leave to amend. The case is in its infancy,

9 the First Amendment and qualified immunity issues are complex, and there is no

10 apparent prejudice to Mayor. Accordingly, the court grants Plaintiff 15 days leave to

11 amend from the date of entry of this order, and denies Mayor's motion to dismiss as

12 moot.

13       **IT IS SO ORDERED.**

14 DATED: November 8, 2018

15 _____

16 Hon. Jeffrey T. Miller
United States District Judge

17 cc:       All parties

18
19
20
21
22
23
24
25
26
27
28